STEPHEN ZELLER, Bar No. 265664
Email Address: szeller@deconsel.com
a member of DeCARLO & SHANLEY,
a Professional Corporation
533 S. Fremont Avenue, 9th Floor
Los Angeles, California 90071-1706
Telephone (213) 488-4100
Telecopier (213) 488-4180

Attorneys for Plaintiffs, Carpenters Southwest
Administrative Corporation and Board of Trustees
for the Carpenters Southwest Trusts

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>              Plaintiffs,<br><br>v.<br><br>J & R P DEVELOPMENT CORP., a Nevada corporation, also known as J&RP DEVELOPMENT CORP.; and DOES 1 through 10, inclusive,<br><br>              Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS |

## JURISDICTION

1.      This is a civil action to recover fringe benefit contributions.  This action arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185a, and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132 and 1145.

///

///

## PARTIES AND OTHERS

2.     CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation ("CSAC"), is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California.  CSAC's principal place of business is in the County of Los Angeles, State of California.

3.     At all relevant times herein, the BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly authorized and acting trustees of those ERISA Trust Funds defined in paragraph six.

4.     CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are also authorized agents to act on behalf of the remaining Funds and entities (defined in paragraph nine) with respect to these delinquencies. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are sometimes collectively referred to as "PLAINTIFFS."

5.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown at this time to PLAINTIFFS.  PLAINTIFFS therefore sue the defendants by such fictitious names, and PLAINTIFFS will amend this complaint to show their true names and capacities when the same has been ascertained.  PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, either through its own conduct, or through the conduct of its agents, servants and/or employees, or in some other manner as yet unknown, and that PLAINTIFFS' damages as herein alleged were proximately caused by those defendants.

6.     At all relevant times, the Southwest Carpenters Health and Welfare Trust, the Southwest Carpenters Pension Trust, the Southwest Carpenters Vacation Trust, and the Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186, and

multiemployer plans within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

7.     At all relevant times, the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract Administration Trust for Carpenter-Management Relations were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

8.     At all relevant times, the Carpenters-Contractors Cooperation Committee ("CCCC") and Western States Drywall/Lathing Industry Labor-Management Cooperation Committee, Inc. were and are non-profit California corporations which exist pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. § 186(c)(9).

9.     CSAC is the administrator of the Southwest Carpenters Health and Welfare Trust, the Southwest Carpenters Pension Trust, the Southwest Carpenters Vacation Trust, and the Southwest Carpenters Training Fund, and assignee of the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, the Contract Administration Trust for Carpenter-Management Relations, the Carpenters-Contractors Cooperation Committee, the Southern California Drywall Industry Fund, the Western States Drywall/Lathing Industry Labor-Management Cooperation Committee, Inc., and the Grievance Obligation Trust Fund (collectively, the "PLANS"), and, as such, is a plan fiduciary within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

10.     The duly authorized and acting trustees or directors of each of the PLANS have also assigned to CSAC all their right, title and interest in and to any and all amounts due and owing to the respective PLANS by the employer as herein alleged.

11.     The Southwest Regional Council of Carpenters and its affiliated local

unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners of America, are labor organizations that are parties to the collective bargaining agreements involved.

12.     At all relevant times, employer, J & R P DEVELOPMENT CORP., a Nevada corporation, also known as J&RP DEVELOPMENT CORP., and DOES 1 through 10 ("EMPLOYER"),  was and is a contractor engaged in the construction industry within the jurisdiction of the relevant UNIONS.

**CLAIM FOR RELIEF FOR DAMAGES**

**FOR FAILURE TO PAY FRINGE**

**BENEFIT CONTRIBUTIONS**

13.     On or about the date set forth thereon, EMPLOYER made, executed and delivered to the UNION, a Carpenters Memorandum Agreement SDUSD Project Stabilization Agreement Single Project(s) Agreement dated January 1, 2014 ("MEMORANDUM AGREEMENT").  A true and correct copy is attached hereto, marked respectively as Exhibit "1" and incorporated herein by reference.

14.     The MEMORANDUM AGREEMENT binds EMPLOYER to the terms and conditions of the Master Labor Agreement between United General Contractors, Inc. and the United Brotherhood of Carpenters and Joiners of America and the Southwest Regional Council of Carpenters and, dated July 1, 2012, and any renewals or subsequent Master Labor Agreements, and the PLANS' agreements and any amendments, modifications, extensions, supplementations or renewals of the PLANS' agreements (collectively referred to as "AGREEMENTS").  The PLANS are third party beneficiaries of the MEMORANDUM AGREEMENT and Master Labor Agreements.

15.     The Master Labor Agreement binds EMPLOYER to any renewals or subsequent applicable Master Labor Agreements and the PLANS' AGREEMENTS (collectively, the "AGREEMENTS").

16.     The AGREEMENTS require EMPLOYER to pay fringe benefit

4

1  contributions at the rates set forth therein for every hour worked by employees

2  performing services covered by the AGREEMENTS, and on account of all

3  compensation paid to employees performing services covered by the

4  AGREEMENTS.

5       17.     The AGREEMENTS require EMPLOYER to make the fringe benefit

6  contributions by way of Employers Monthly Reports ("REPORTS") to the PLANS

7  at their place of business in Los Angeles, California, on or before the 25th day of

8  each month following the month during which the hours for which contributions are

9  due were worked or paid.  Further, the AGREEMENTS specifically provide that the

10  venue of an action to recover delinquent fringe benefit contributions shall be in the

11  County of Los Angeles.

12       18.     In acknowledging both that the regular and prompt payment of

13  employer contributions is essential to the maintenance of the PLANS, and the

14  extreme difficulty, if not impracticability, of fixing the actual expense and damage

15  to the PLANS when such monthly contributions are not paid when due, the

16  AGREEMENTS provide that the amount of contractual damages to the PLANS

17  resulting from a failure to pay contributions when due shall be presumed to be the

18  sum of $30.00 per delinquency or 10 percent of the amount of the contributions due,

19  whichever is greater.  This amount shall become due and payable to the CSAC as

20  liquidated damages in addition to the unpaid contributions or contributions paid

21  late.

22       19.     EMPLOYER engaged workers who performed services covered by the

23  AGREEMENTS and who performed labor on works of construction within the

24  jurisdiction of the PLANS' AGREEMENTS undertaken by EMPLOYER during the

25  term of the PLANS' AGREEMENTS.

26       20.     EMPLOYER has failed to pay the fringe benefit contributions in the

27  manner prescribed by the AGREEMENTS, and there is now due and owing the

28  PLANS from EMPLOYER the amounts set forth in Exhibit "2."

21.     The AGREEMENTS require EMPLOYER to pay for the expense of auditing EMPLOYER's business records if an audit by the PLANS indicates that EMPLOYER failed to report and pay all contributions.

22.     As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for interest on the unpaid contributions from the first of the month following the date due, at the rate prescribed by the AGREEMENTS.

23.     The PLANS have conducted an Audit, which indicates that EMPLOYER failed to report and pay all contributions owed during this time period. A true and correct copy of the Audit Invoice No. 21015 (social security numbers redacted), dated March 17, 2018, is attached as Exhibit "3."

24.     As a result of the failure to pay fringe benefit contributions in the manner prescribed by the AGREEMENTS, EMPLOYER is liable for an amount equal to the greater of interest on the unpaid contributions as prescribed by section 6621 of the Internal Revenue Code of 1954, 26 U.S.C. §6621, or liquidated damages provided for under the AGREEMENTS.

25.     It has been necessary for PLAINTIFFS to engage counsel to bring this action to recover the delinquent fringe benefit contributions.  Pursuant to the AGREEMENTS and section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), EMPLOYER is liable for reasonable attorneys' fees incurred in litigating this matter.

26.     The PLANS have complied with all conditions precedent.

27.     CSAC has, concurrently with the filing of this complaint, served a copy of the same upon the Secretary of Labor and Secretary of the Treasury.

///

///

///

///

WHEREFORE, PLAINTIFFS pray for judgment as follows:

**FOR PLAINTIFFS' CLAIM FOR RELIEF FOR**

**DAMAGES FOR FAILURE TO PAY FRINGE**

**BENEFIT CONTRIBUTIONS**

1. For contributions in the sum of $10,611.82;

2. For interest and liquidated damages, as provided in the AGREEMENTS;

3. For audit costs;

4. For a statutory amount equal to the greater of the interest on unpaid contributions which were owing as of the time of the filing of the complaint herein (at the rate prescribed by law), or liquidated damages as provided in the AGREEMENTS, in an amount to be determined.

5. For reasonable attorneys' fees;

6. For costs of this action;

7. For further contributions according to proof; and

8. For such other and further relief as the court deems proper.

Dated: December 14 , 2018

DeCARLO & SHANLEY,
a Professional Corporation

By: _____
STEPHEN ZELLER
Attorneys for Plaintiffs,
CARPENTERS SOUTHWEST
ADMINISTRATIVE CORPORATION and
BOARD OF TRUSTEES FOR THE
CARPENTERS SOUTHWEST TRUSTS