O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>Plaintiffs,<br><br>v.<br><br>J AND R P DEVELOPMENT CORP., and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:18-cv-10383-ODW (RAOx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [23]** |

## I. INTRODUCTION

Plaintiffs Carpenters Southwest Administrative Corporation and Board of Trustees for the Carpenters Southwest Trusts (collectively, "Plaintiffs"), brought suit against Defendant J & R P Development Corp. ("Defendant") for delinquent fringe benefit contributions under various collective bargaining and labor agreements. (*See* Compl., ECF No. 1.) Plaintiffs move for entry of default judgment against Defendant ("Motion"). (Mot. for Default J. ("Mot."), ECF No. 23.) For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiffs are the non-profit corporate administrator and fiduciary for the Southwest Carpenters Health and Welfare Trust, the Southwest Carpenters Pension Trust, the Southwest Carpenters Vacation Trust, the Southwest Carpenters Training Fund, and various other plans (the "Plans"). (Compl. ¶¶ 2–4, 6–9; Mot. 1.) The Plans are express trusts and multiemployer plans, pursuant to 29 U.S.C. § 186, section 302 of the Labor Management Relations Act ("LMRA"), and 29 U.S.C. § 1002, section 3 of the Employee Retirement Income Security Act ("ERISA"). (Compl. ¶¶ 6–9; Decl. of Norma Guerrero ("Guerrero Decl.") ¶ 7, ECF No. 23-2.) Defendant is a contractor engaged in the construction industry. (Compl. ¶ 12.)

Defendant executed a Carpenters Memorandum SDUSD Project Stabilization Agreement ("PSA") with the Southwest Regional Council of Carpenters ("Union") regarding a single project agreement for construction work. (Compl. ¶ 13, Ex. 1.) The PSA binds Defendant to the terms and conditions of the Master Labor Agreement ("MLA") between the United General Contractors, Inc. and the United Brotherhood of Carpenters and Joiners of America and the Union, as well as the Plans' agreements and any subsequent modifications or renewals ("Agreements"). (Compl. ¶¶ 14–15, Ex. 1 ¶ 1.) The Plans are third party beneficiaries of the PSA and the Agreements. (Compl. ¶ 14.)

The Agreements require Defendant to make fringe benefit contributions based on hours worked by employees covered by the Agreements, by way of Employers Monthly Reports to the Plans on or before the 25th day of each month. (Compl. ¶¶ 16–17.) The Agreements provide for liquidated damages, interest, and the costs of audit if Defendant fails to pay the fringe benefit contributions as required. (Compl. ¶¶ 18, 21, 22.) Defendant engaged workers who performed services covered by the Agreements and who performed labor on works of construction within the jurisdiction of the Agreements but failed to pay fringe benefit contributions as required. (Compl. ¶¶ 19–20, Ex. 2.)

The Plans conducted an audit, which indicates that Defendant failed to report and pay all contributions owed. (Compl. ¶ 23, Ex. 3 ("Audit Report").)

Accordingly, on December 14, 2018, Plaintiffs filed this action against Defendant for failure to pay fringe benefit contributions, pursuant to the LMRA, 29 U.S.C. § 185a, and ERISA, 29 U.S.C. §§ 1132, 1145. (*See* Compl. ¶ 1.) Plaintiffs seek payment of the unpaid contributions, prejudgment interest, liquidated damages, audit expenses, and reasonable attorneys' fees and costs. (Compl. at 7.) Plaintiffs served the Complaint on Defendant on July 12, 2019. (Proof of Service ("POS"), ECF No. 15.) Defendant failed to respond to the Complaint. On Plaintiffs' request, the Clerk entered default against Defendant on July 17, 2019. (Default by Clerk, ECF No. 21.) Plaintiffs now move for entry of default judgment. (*See* Mot.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant a default judgment after the Clerk enters a default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing (a) when and against which party default was entered; (b) identification of the pleading to which default was entered; (c) whether the defaulting party is a minor, incompetent person, or active service member; and (d) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (e) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, a court must consider several factors, including: (1) the possibility of prejudice to a plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility

of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon entry of default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV. DISCUSSION

### A. Procedural Requirements

The Court finds the relevant procedural requirements met on the present record.[2] Plaintiffs served the summons and complaint filed at ECF No. 1 on Defendant on July 12, 2019. (*See* POS.) The Clerk entered default against Defendant as to that complaint on August 22, 2019. (Default by Clerk.) Plaintiffs' counsel submits a declaration attesting that Defendant is not an infant or competent person and the Servicemembers Civil Relief Act does not apply. (Decl. of Stephen Zeller ("Zeller Decl.") ¶ 4, ECF No. 23-15.) Finally, Defendant has not appeared, so notice of the Motion is not required under Rule 55(b)(2). Plaintiffs also sent Defendant a letter on August 22, 2019, informing Defendant that default had been entered against it and Plaintiffs were filing the present Motion. (Zeller Decl. ¶ 5, Ex. 6.) Accordingly, the procedural requirements are satisfied.

### B. *Eitel* Factors

The Court finds that the *Eitel* factors weigh in favor of entering default judgment and addresses each factor in turn.

---

[2] Although Plaintiffs have not strictly complied with the procedural requirements of Local Rule 55-1 in that they did not submit a declaration stating when and against which party default was entered or as to which pleading, the Court finds the record sufficiently clear for this purpose. Defendant is the only named Defendant in the action and the only party against which default has been entered, and the complaint at ECF No. 1 is the only pleading.

*1.     Possibility of Prejudice to Plaintiffs*

The first *Eitel* factor asks whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Denial of default leads to prejudice when it leaves a plaintiff without a remedy or recourse to recover compensation. *Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002). Defendant has failed to appear or participate in this action. Absent entry of default judgment, Plaintiffs are without recourse to recover. Accordingly, this factor weighs in favor of default judgment.

*2.     Substantive Merits & 3. Sufficiency of the Complaint*

The second and third *Eitel* factors "require that a plaintiff 'states a claim on which [it] may recover.'" *Eitel*, 782 F.2d at 1475 (citations omitted); *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

Plaintiffs assert a claim for delinquent contributions under ERISA. Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also Winterrowd v. David Freedman & Co.*, 724 F.2d 823, 826 (9th Cir. 1984) (holding that employer's failure to contribute agreed-upon amount to pension fund covering agricultural workers was an ERISA violation). If the employer fails to do so, the plan or a plan fiduciary may bring an action to recover the unpaid contributions. 29 U.S.C. § 1132(d)(1); *see, e.g.*, *Bd. of Trs. of Bay Area Roofers Health & Welfare Tr. Fund v. Westech Roofing*, 42 F. Supp. 3d 1220, 1224 (N.D. Cal. 2014).

Pursuant to the Agreements, Defendant must make contributions to and submit Employers Monthly Reports to the Plans. (*See* Compl. ¶ 17; Guerrero Decl. ¶ 14.) Defendant failed to make contributions as required for the period of February 1, 2013 through May 31, 2015. (*See* Decl. of Chris Hidalgo ("Hidalgo Decl.") ¶ 8, Ex. 7 ("Audit

Report"), ECF Nos. 23-11, 23-12; Compl. ¶ 23, Ex. 3.) As an employer obligated under the terms of the Agreements to make contributions to the multiemployer Plans, Defendant's failure to make such contributions constitutes a violation of ERISA. *See* 29 U.S.C. § 1145. Thus, this factor weighs in favor of granting default judgment.

### *4. Amount at Stake*

To determine whether the damages sought are proper for the scope of default judgment, "the court must consider the amount of money at stake in relation to the seriousness of [d]efendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176–77. The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's action." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Plaintiffs request fringe benefit contributions of $10,611.82, prejudgment interest of $8360.98, audit fees of $517.80, and attorneys' fees of $1357.04, for a total of $20,847.64, plus Plaintiffs' costs of suit. (Mot. 8.) Given that the well-pleaded allegations and evidence before the Court shows that Defendant failed to make the requested benefit contributions to the Plans as required under the Agreements, thereby violating § 1145, and that the types of awards requested are required under § 1132(g)(2), this factor weighs in favor of default judgment. *See* 29 U.S.C §§ 1132(g)(2), 1145.

### *5. Possibility of Dispute*

The fifth *Eitel* factor considers the possibility that material facts are in dispute. *PepsiCo*, 238 F. Supp. 2d at 1177. As the allegations in Plaintiffs' complaint are presumed true, Defendant's failure to appear in this action results in a finding that "no factual disputes exist that would preclude entry of default judgment." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014). Accordingly, this factor favors entry of default judgment.

### *6. Possibility of Excusable Neglect*

The sixth *Eitel* factor considers the possibility that a defendant's default is the result of excusable neglect. *PepsiCo,* 238 F. Supp. 2d at 1177. Plaintiffs served the complaint on Defendant on July 12, 2019. (*See* POS.) Plaintiffs also sent Defendant a letter on August 22, 2019, informing Defendant that default had been entered against it and Plaintiffs were filing the present Motion. (Zeller Decl. ¶ 5, Ex. 6.) Defendant was thus on notice and has failed to respond. No facts before the Court indicate that Defendant's default is due to excusable neglect. As such, this factor favors entry of default judgment.

### *7. Policy Favoring Decisions on the Merits*

In *Eitel*, the court maintained that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). However, where the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. As Defendant has failed to appear or defend, a determination on the merits is impossible. Accordingly, this factor does not preclude entry of default judgment.

On balance, the *Eitel* factors support entry of default judgment.

### C. Amount of Judgment

In an action to recover delinquent contributions under ERISA, the Court "shall award" the following:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). The Ninth Circuit has held that audit costs are recoverable under § 1132(g)(2)(E). *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1343 (9th Cir. 1988).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir.1977); *see also Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) ("[A]llegations of the amount of damages suffered are not necessarily taken as true."). For the purposes of a default judgment in an ERISA action, audit reports are sufficient to establish the amount of unpaid contributions, interest, and liquidated damages. *See Cent. Cal. IBEW/NECA Pension Tr. v. Ozzimo Elec., Inc.*, No. C 13-03800 JSW, 2015 WL 1883906, at *4 (N.D. Cal. Apr. 22, 2015); *Bd. of Trs. of Laborers Health & Welfare Tr. Fund for N. Cal. v. C & L Coatings, Inc.*, No. C 12-1368 PJH (MEJ), 2012 WL 7748318, at *7 (N.D. Cal. Dec. 18, 2012). However, conclusory declarations alone are insufficient to support the amount of damages in a default judgment. *See Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.*, 630 F. App'x 655, 658 (9th Cir. 2015) (vacating the default judgment where plaintiffs' own conclusory declarations were the basis of the damages calculation and a hearing was not held).

Plaintiffs seek damages for contributions of $10,611.82, pre-judgment interest of $8360.98, audit fees of $517.80, and attorneys' fees of $1357.04. (Mot. 8.) The Motion also seeks costs of suit. (Mot. 8.) The relief sought does "not differ in kind, or exceed in amount, what is demanded in the pleadings," and may be awarded if properly supported. Fed. R. Civ. P. 54(c). Plaintiffs submit an audit report, which supports Plaintiffs' request for $10,611.82 in unpaid contributions and $517.80 in audit fees.[3]

---

[3] The amount of unpaid contributions calculated in the audit report appears to be slightly more than $10,611.82 (*see* Audit Report at 1), but Plaintiffs identified unpaid contributions of $10,611.82 in the complaint, and judgment may not exceed in amount what is demanded in the pleadings. *Id.*; *see Chao*

(*See* Hildalgo Decl. ¶ 13; Audit Report at 1.) Plaintiffs also submit interest calculations based on the Agreements' provision of 7% interest per annum, supporting $4180.49 in interest.[4] (*See* Hidalgo Decl. Exs. 8 ("Interest Breakdown"), 9 ("Interest Calculation"), ECF Nos. 23-13, 23-14; *see* Guerrero Decl. Ex. 5, Article III, Section 3, ECF No. 23-7.) Finally, Plaintiffs are additionally entitled to the greater of liquidated damages or the amount of interest on unpaid calculations. *See* 29 U.S.C. § 1132(g)(2)(C). The audit report supports liquidated damages in the amount of $1087.64; thus, the interest of $4180.49 is the greater sum and also shall be awarded. (*See* Audit Report at 1.)

Accordingly, the Court awards **$10,611.82** in unpaid contributions, **$8360.98** in interest ($4180.49 + $4180.49), and **$517.80** in audit fees.

## D. Attorneys' Fees

Plaintiffs seek attorneys' fees of $1357.04, pursuant to the total delinquency amount and the schedule at Local Rule 55-3. (Zeller Decl. ¶ 6; Mot. 8.) The total delinquency amount is $12,617.31, consisting of $10,611.82 unpaid contributions, $517.80 audit fees, and $1487.69 interest. (*See* Hildago Decl. ¶ 13; Audit Report at 1.) According to Local Rule 55-3, this amount would entitle Plaintiffs to attorneys' fees of $1200 plus 6% of the amount over $10,000.00, or $1357.04. C.D. Cal. L.R. 55-3; *see, e.g.*, *Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1203 (C.D. Cal. 2018) (awarding attorneys' fees pursuant to Local Rule 55-3). ERISA provides for the award of fees in a delinquent contribution action such as this one. 29 U.S.C. § 1132(g)(2)(D). Accordingly, the Court finds an award of attorneys' fees calculated from the Local Rule schedule is reasonable and awards attorneys' fees in the amount of **$1357.04**.

---

*v. Air Transp. Mfg. Co.*, No. CV-07-2782-GAF (PLAx), 2008 WL 11336119, at *5 (C.D. Cal. Oct. 30, 2008). Regardless, Plaintiffs seek only $10,611.82 through their Motion. (*See* Mot. 8.)

[4] This amount consists of $1487.69 in interest on the delinquency from the due date to March 17, 2016, and $2692.80 in interest from March 17, 2016 to October 28, 2019. (*See* Interest Breakdown and Calculation; *see also* Statement of Amounts Due, ECF No. 23-17.)

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion for Entry of Default Judgment as to Defendant and awards a total of **$20,847.64**, consisting of **$10,611.82** in unpaid contributions, **$8360.98** in interest, **$517.80** in audit fees, and **$1357.04** in attorneys' fees. Plaintiffs shall also recover costs of suit. The Court will enter Judgment.

**IT IS SO ORDERED.**

January 22, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**